IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MICHAEL A. MUNIZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-01475 (RDA/IDD) |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION and ORDER

This matter is before the Court to screen the complaint filed by Michael A. Muniz , Jr. ("Plaintiff"), *pro se*, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights on September 8, 2018, due to unsafe conditions and the resulting injuries while in the custody of the Virginia Department of Corrections' Greensville Correctional Center, Jarratt, Virginia. (Dkt. 1-2 at 1-3). Plaintiff seeks monetary relief. (Dkt. 1 at 5). Because Plaintiff is a prisoner, the Court must screen his complaint. A review of the complaint reveals that, in line with 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B), this action must be dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] Section 1915A provides:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

I. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992). (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations or *res judicata*. *See Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc)).

Here, on the face of the complaint, it is plain that the claims alleged to have occurred on September 8, 2018 are barred by the statute of limitations. The complaint is dated April 15, 2026, which is the soonest it could have been given to correctional officers to be mailed. *See Houston v.*

*Lack*, 487 U.S. 266, 276 (1988) (a pleading is filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk).

II. Statute of Limitations

Under 28 U.S.C. § 1915A, a court must dismiss claims barred by the relevant statute of limitations. *Nasim*, 64 F.3d at 955. Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Id.* at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A); *see, e.g., Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (recognizing that a § 1983 claim was governed by Virginia's two-year statute of limitations for personal injury). Thus, plaintiff was required to file his complaint within two years from when the underlying claims accrued.

When a § 1983 claim accrues, however, is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, *4 (E.D. Va. Aug. 6, 2009) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Here, it is plain on the face of the complaint that this action is barred by the statute of limitations. Plaintiff alleges his rights were violated on September 8, 2018[2] and he signed the complaint on April 15, 2026, (Dkt. 1 at 11), which is over seven years after the date his rights were allegedly violated.

---

[2] Plaintiff attached several documents to his complaint. The documents include a copy of an affidavit that indicates he pursued administrative remedies beginning with an informal complaint on September 26, 2018 and concluding with his final appeal, a Level IL response on November 20, 2018; a copy of a state law tort "Notice of Claim," dated April 23, 2019; and a copy of an "Affidavit of Facts," sworn to on January 27, 2020. (Dkt. 1-1 at 9, 19. 28-32). Each of the

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED, WITH PREJUDICE, for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is

FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

FURTHER ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter final judgment in favor of defendants, pursuant to Federal Rule Civil Procedure 58, to send a copy of this Order to plaintiff, and to close this civil action.

IT IS SO ORDERED.

Alexandria, Virginia
November 19, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

documents reaffirms that the alleged injury occurred on September 8, 2018.

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.